## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| CHASTITY CONGIOUS, et al., by and § through her Guardian, Kimberly § Hammond, on behalf of Herself and § as Mother and Next Friend of § Z.C.H., Deceased § § v. § § CITY OF FORT WORTH, et al. § | Civil Action No. 4:22-cv-00092-O |

## DEFENDANT DAVID NGUYEN'S REPLY BRIEF
## IN SUPPORT OF HIS
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
## (RESPONDING TO PLAINTIFF'S FIRST AMENDED COMPLAINT)

In her Response (ECF No. 50), Plaintiff concludes her argument against granting Defendant Fort Worth Police Officer David Nguyen's Motion to Dismiss by claiming, "Suffering a mental health crisis is not a crime." Pl. Resp. 12. Physically assaulting a family member, of course, is a crime and one for which Officer Nguyen possessed ample probable cause to arrest Chastity Congious. The victim himself, Congious's brother, told Nguyen Congious assaulted him. And, significantly, Plaintiff does not even attempt to dispute those facts.

Plaintiff makes only two unavailing arguments: (1) that her only remaining claim against Nguyen is not barred by limitations (it is), and (2) that had Nguyen included all details she claims he had of her supposedly-obvious mental illness in his affidavit it would have negated probable cause (it would not have).

First, Plaintiff's only remaining claim (or claims) against Nguyen is (or are) barred by limitations for the reasons discussed in Nguyen's Motion to Dismiss. *See* ECF No. 36. By her amended complaint, Plaintiff has dropped all of her claims against Nguyen--including for malicious prosecution--but for her claim of false arrest or detention and that claim accrued when she was arrested. As Nguyen explained in his motion:

> [B]ecause Nguyen arrested Plaintiff without a warrant the case was instituted "without" legal process and the claims accrue from the time of the arrest. *See, e.g., Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018); *see also Wallace*, 549 U.S. at 397. As the Court explains in *Winfrey*, it is the nature of the detention that determines when the claim accrues. Here, the detention was initiated by Nguyen's arrest of Congious *without a warrant*. That fits squarely within the rule the Supreme Court announced in *Wallace. Wallace v. Kato*, 549 U.S. 384, 387–88 (2007) ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.").

Plaintiff's only attempt to counter this is to say the *Winfrey* case supports her position, but it does not. Plaintiff states, "The Fifth Circuit has unequivocally found that in such circumstances, the cause of action does not accrue until the criminal proceedings end[] in the plaintiff's favor." Pl. Resp. 6. But to try to support that assertion and make it fit this case, Plaintiff quotes from *Winfrey*, where the Court said, "[W]e find that [Plaintiff's] claim is more like the tort of malicious prosecution, because [plaintiff] was arrested through the wrongful institution of legal process: an arrest pursuant to a warrant . . . ." Pl. Resp. 7. But that, of course, explains exactly why Plaintiff is wrong. She was arrested on the scene *without a warrant*. Her arrest is, therefore, to be

analyzed like a claim for false arrest, and her claim accrued *when she was arrested*. *Winfrey*, 901 F.3d at 493; *Kato*, 549 U.S. at 387–88.

For the reasons discussed in Nguyen's motion, any and all of Plaintiff's claims against him are time-barred, and the Court should grant Nguyen's motion to dismiss on that basis alone.

Moreover, Nguyen had ample, undisputed probable cause to arrest Congious for assaulting a family member. Congious's own brother told Nguyen Congious had assaulted him. Plaintiff does not deny this. She instead tries to argue that if the magistrate had known more about Congious's claimed "mental health crisis," the magistrate could not have found probable cause. But that argument is specious. As discussed in the motion, Nguyen went out of his way to include all facts involving the alleged assault. That Congious may later claim in her own defense that she somehow did not have the capacity to commit a crime does nothing to negate the probable cause. Plaintiff cites the culpability requirements set forth in the penal code, but tellingly she cites no case that says persons suffering a "mental health crisis" are incapable of committing a crime. Omitting facts that may have supported some unspecified defense argument about capacity does not mean Nguyen's affidavit would not have "still satisf[ied] the low probable-cause threshold." *Loftin v. City of Prentiss, Mississippi*, 33 F.4th 774, 782 (5th Cir. 2022) ("As explained, a suspect's declaration of innocence does not vitiate probable cause.").

Accordingly, for the reasons set forth in Nguyen's motion, even if Plaintiff's claim or claims against him had been timely filed, they would still fail to state a claim.

Finally, Plaintiff appears to pay little attention to her burden to overcome Nguyen's entitlement to qualified immunity by directing the Court to sufficiently factually similar cases that show anything Nguyen did violated a clearly established right of hers. *See Vann v. City of Southaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) ("In the district court, Plaintiff, Vann's representative, cited nary a pre-existing or precedential case. That alone dooms his case . . . ."). At best she cites cases that state (mostly inapplicable) rights only at the highest possible level of generality. She cites no cases that resemble the facts she is attempting to allege in this case. Plaintiff, accordingly, has failed to defeat Nguyen's entitlement to qualified immunity.

For these reasons and those stated in Nguyen's Motion, the Court should dismiss all of Plaintiff's claims against Nguyen with prejudice, enter final judgment in his favor, and award him costs. Defendant Nguyen prays for all other relief to which he may be entitled.

Respectfully submitted,

s/ Kenneth E. East
Kenneth E. East
State Bar No. 00790622
THE LAW OFFICE OF KENNETH E. EAST
306 W. 7th Street, Suite 600
Fort Worth, Texas 76102
(817) 788-1111
ken@east.law

ATTORNEY FOR DEFENDANT,
OFFICER DAVID NGUYEN, #4303