IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Chasity Congious, by and through her Guardian, Kimberly Hammond, on behalf of herself and as Mother and Next Friend of Z.C.H., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>City of Fort Worth, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  4:22-cv-00092-O<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Chasity Congious ("Plaintiff" or "Chasity") respectfully submits this brief in support of her Federal Rule of Civil Procedure 60(b)(2) motion for relief from the Final Judgment as to Defendant Dr. Aaron Ivy Shaw ("Dr. Shaw").

**Introduction**

This case arises out of a terrible and preventable tragedy. Chasity, who was an inmate in the Female Infirmary at the Tarrant County Jail ("TCJ"), was left alone in her cell on May 17, 2020 to give birth without any medical care. As a result, Chasity lost her baby. While nothing can bring back the innocent baby, Chasity brought a denial of medical care against Dr. Shaw (who was in charge of her medical care) in an attempt to receive some measure of justice.

The Court granted the motion to dismiss brought by Dr. Shaw, deciding that there was no evidence that Dr. Shaw knew that Chasity was in pain on the morning she gave birth and refused her medical care. Now, Plaintiff has newly discovered evidence

obtained at the end of discovery – in the form of an email to Dr. Shaw – showing that Dr. Shaw in fact knew that Chasity was in pain and in labor on the morning she gave birth. If Dr. Shaw had acted on this knowledge, Chasity's baby would be alive and this case would not exist. Shockingly, Dr. Shaw did nothing and Chasity's baby died.

Plaintiff did not have the email to Dr. Shaw prior to bringing this case because discovery had not begun. If Plaintiff would have had the email and included the facts from the email in the Amended Complaint, the Court would have denied Dr. Shaw's motion to dismiss. The Court therefore should grant Plaintiff's motion for relief from the Final Judgment and give Chasity the opportunity to seek justice from Dr. Shaw.

**Relevant Procedural History and the Newly Discovered Evidence**

On March 31, 2023, the Court granted Dr. Shaw's motion to dismiss Plaintiff's denial of medical care claim on the grounds of qualified immunity. ECF No. 61 at 19-22. The Court found that Dr. Shaw was not deliberately indifferent by depriving Chasity of medical care on the morning of May 17, 2020. *Id.* In particular, the Court stated that "there is no evidence that Dr. Shaw ever knew that Plaintiff was experiencing untreated pain, nor is there evidence that he sent her away when she personally approached him seeking relief." *Id.* at 22. The Court entered a Final Judgment as to Dr. Shaw on April 3, 2023. ECF No. 62.

While the Court granted Dr. Shaw and other Defendants' motions to dismiss, the Court denied Defendant Tarrant County's ("the County") motion to dismiss Plaintiff's unsafe conditions of confinement and Americans with Disabilities Act and Rehabilitation Act claims. ECF No. 61 at 33. Discovery on Plaintiff's claims against the

County proceeded in advance of the discovery end date of January 12, 2024. ECF No. 65 at 1.

Towards the end of discovery in December 2023, the County produced an email received by Dr. Shaw on May 17, 2020 at 7:29 AM. Appendix at 3, ¶ 3. The email contained a daily report for the inmates in the Female Infirmary at the TCJ. *Id.* at 5. With respect to Chasity, the daily report stated "took PM ENSRE but Refused Breakfast **C/O ABD CRAMPS**." *Id.* at 8 (emphasis added). Dr. Shaw therefore knew on the morning of May 17, 2020 at 7:29 AM – prior to when Chasity gave birth – that she was complaining of abdominal cramps.

In preparation for the expert disclosures in this case, Plaintiff retained David A. Gutman, M.D., M.B.A. to provide expert testimony. Appendix at 9. After reviewing the pertinent records. Dr. Gutman formed several opinions. *Id.* at 9-14. Relevant to this motion, Dr. Gutman opined that Chasity's abdominal cramps on the morning she gave birth were uterine contractions from being in labor. *Id.* at 12. Dr. Shaw therefore knew on May 17, 2020 at 7:29 – prior to when Chasity gave birth – not only that Chasity was in pain but also that she was in labor.

There is no evidence that Dr. Shaw took any action in response to receiving the email on May 17, 2020 at 7:29 AM notifying him that Chasity was in pain and in labor. Approximately an hour and a half after Dr. Shaw received the email, a TCJ employee checked on Chasity and reported nothing wrong. Appendix at 15. About 10 minutes later, blood was observed on Chasity. *Id.* Chasity had given birth alone in her cell without any medical assistance. *Id.*

**Argument**

I. **Plaintiff Satisfies the Standard for Relief from a Final Judgment on the Grounds of Newly Discovered Evidence.**

The Court may relieve a party from a final judgment when there is "newly discovery evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a Rule 60(b)(2) motion, "a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Doe v. Keller Independent School District*, No. 4:21-cv-01094-O, 2023 WL 2711629, *4 (N.D. Tex. Mar. 30, 2023) (quotation marks and quotations omitted). In this case, Plaintiff can make the two demonstrations required by the *Doe* decision.

First, Plaintiff exercised due diligence in obtaining the newly discovered evidence. Plaintiff did not obtain the May 17, 2020 email received by Dr. Shaw until December 2023 when it was produced by the County in discovery, which was well after the Court's decision on Dr. Shaw's motion to dismiss on March 31, 2023. Appendix at 3, ¶ 3; ECF No. 61. And there would have been no way for Plaintiff to obtain the email prior to the Court's decision on Dr. Shaw's motion to dismiss, because discovery had not begun.

Second, the May 17, 2020 email received Dr. Shaw is material, controlling, and would have produced a different result on the motion to dismiss decision. The Court granted Dr. Shaw's motion to dismiss because there was no evidence that Dr. Shaw knew that Plaintiff was in pain and refused her treatment. ECF No. 61 at 22. If Plaintiff

had the May 17, 2020 email received Dr. Shaw prior to commencing this action, Plaintiff would have alleged in her Amended Complaint that Dr. Shaw knew that Chasity was having abdominal cramps and that she was in labor on the morning of May 17, 2020 prior to when she gave birth. And Chasity would have known that Dr. Shaw refused her treatment on May 17, 2020, because he took no action in response to the email. The reason for the Court granting Dr. Shaw's motion to dismiss therefore would not exist, and Plaintiff would have prevailed on the motion.

Thus, Plaintiff exercised due diligence in obtaining the May 17, 2020 email received by Dr. Shaw and the email would have produced a different result on Dr. Shaw's motion to dismiss. Accordingly, the Court should grant Plaintiff relief from the Final Judgment as to Dr. Shaw. *See* Fed. R. Civ. P. 60(b)(2); *Doe*, 2023 WL 2711629 at *4.

## II. There Is No Unfair Prejudice to Dr. Shaw in Granting Plaintiff Relief from the Final Judgment.

In response to this motion, Dr. Shaw may argue that he somehow would be unfairly prejudiced if the Final Judgment is set aside. The Court should reject any such argument. Dr. Shaw obviously knew of Plaintiff's newly discovered evidence because it consists of an email to him. Indeed, it is troubling that Dr. Shaw accepted the Court's decision dismissing Plaintiff's denial of medical care claim while knowing that the decision was premised on incorrect facts. Dr. Shaw certainly cannot be unfairly prejudiced based upon facts of which he was already aware.

By contrast, Plaintiff would suffer severe prejudice if the motion for relief from the Final Judgment as to Dr. Shaw is denied. The Court dismissed the Plaintiff's denial of medical care claim without giving Plaintiff a chance to obtain discovery from Dr.

Shaw. It is horrifying that Chasity lost her baby due to the denial of medical care by Dr. Shaw. The injustice inflicted upon Chasity should not be compounded by refusing her the opportunity to conduct discovery and receive a proper decision on the merits of her denial of medical care claim against Dr. Shaw.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the motion for relief from Final Judgment as to Dr. Shaw.

    Respectfully submitted,

    /s/ Jarrett Adams
    Jarrett Adams, Esq.
    LAW OFFICES OF JARRETT ADAMS, PLLC
    40 Fulton St., Floor 28
    New York, New York 10038
    T: 646.880.9707
    F: 646.880.9707
    E: JAdams@JarrettAdamsLaw.com
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 2, 2024, I electronically filed the foregoing pleading with the United States District Court for the Northern District of Texas using the CM/ECF system, which will automatically serve a true and complete copy upon all counsel of record.

/s/Jarrett Adams
Jarrett Adams, Esq.
