IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHASITY CONGIOUS, by and through her Guardian, Kimberly Hammond, on behalf of Herself and as Mother and Next Friend of Z.C.H., Deceased, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:22-CV-00092-O |
| TARRANT COUNTY, | § § § | |
| Defendant. | § § | |

## DEFENDANT AARON IVY SHAW, D.O.'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND BRIEF IN SUPPORT

Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Tiereney L. Bowman
State Bar No. 24136751
tbowman@canteyhanger.com
**CANTEY HANGER LLP**
Cantey Hanger Plaza
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Tel. (817) 877-2800
Fax (817) 877-2807

**ATTORNEYS FOR AARON IVY SHAW, D.O.**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

    1. *Underlying Facts as Alleged in Plaintiff's Amended Complaint* ............................... 2

    2. *Relevant Procedural History* ..................................................................................... 4

    3. *Plaintiff's Claimed "Newly Discovered Evidence"* .................................................. 4

ARGUMENT AND AUTHORITIES ............................................................................................. 5

    1. *Legal Standard* ........................................................................................................... 5

    2. *Plaintiff has not met her burden to show "reasonable diligence."* ........................... 5

    3. *The "new" email that Plaintiff relies on is not material and controlling and would not have changed the result of the Court's ruling on Dr. Shaw's entitlement to qualified immunity.* ................................................................................................................... 6

    4. *Plaintiff's motion is untimely.* .................................................................................. 9

CONCLUSION ............................................................................................................................. 11

CERTIFICATE OF SERVICE ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312 (5th Cir. 2018) .................... 8, 9

*Balfour Beatty Real, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) ...................................................... 8

*Barnes v. Johnson*, 204 F. App'x 377 (5th Cir. 2006) ..................................................... 9

*Doe v. Keller Indep. Sch. Dist.,* No. 4:21-CV-01094-O, 2023 WL 2711629 (N.D. Tex. Mar. 30, 2023) ................................................................................................................ 1, 6, 7

*Dyer v. Houston*, 964 F.3d 374 (5th Cir. 2020) .......................................................... 9

*Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) ......................................................... 7, 8

*First RepublicBank Fort Worth v. Norglass, Inc.,* 958 F.2d 117 (5th Cir. 1992) .......................... 10

*Gobert v. Caldwell,* 463 F.3d 339 (5th Cir. 2006) ....................................................... 8, 9

*Hesling v. CSX Transp. Inc.*, 396 F.3d 632 (5th Cir. 2005) ............................................... 2

*In re Nick Julian Motors*, 148 B.R. 22 (Bankr. N.D. Tex. 1992) ......................................... 10

*In re Pettle*, 410 F.3d 189 (5th Cir. 2005) ............................................................. 1

*Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 22-10244, 2023 WL 5665774 (5th Cir. Sept. 1, 2023) ................................................................................................................... 5

*Johnson-Williams v. Citimortgage, Inc.*, No. 3:14-CV-3927-M (BH), 2016 WL 853079 (N.D. Tex. Feb. 11, 2016) ................................................................................... 5

*Longden v. Snowden*, 979 F.2d 1095 (5th Cir. 1992) ..................................................... 5

*Taylor v. El Centro Coll.*, No. 3:21-CV-0999-D, 2022 WL 2670394 (N.D. Tex. July 11, 2022) ........... 6

*Thermacor Process, L.P., v. BASF Corp.*, 567 F.3d 736 (5th Cir. 2009) .................................... 3

*United States for the use of Campbell Instrumentation, Inc. v. Anthony & Gordon Constr. Co., Inc.*, No. 2: 16-CV-389, 2018 WL 1406829 (S.D. Tex. Mar. 21, 2018) .................................... 10

*United States ex rel. Lockey v. City of Dallas*, No. 3:11-CV-354-AO, 2014 WL 36607 (N.D. Tex. Jan. 6, 2014), *aff'd sub nom. United States ex rel. Lockey v. City of Dallas,* 576 F. App'x 431 (5th Cir. 2014) ........................................................................................................................ 2, 7

*Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991) .......................................................................... 9

*Werner Enterprises, Inc. v. Picus S.A. de C.V.*, 349 F. Supp. 3d 545 (S.D. Tex. 2018) ............... 10

**Statutes**

FED. R. CIV. P. 12(B)(6) ................................................................................................................. 2

FED. R. CIV. P 54(B). ...................................................................................................................... 4

FED. R. CIV. P. 59(B) ...................................................................................................................... 2

FED. R. CIV. P. 60(B)(1) ............................................................................................................... 10

FED. R. CIV. P 60(B)(2) ....................................................................................................... 1, 2, 3, 9

FED. R. CIV. P 60(C)(1) .......................................................................................................... 2, 9, 10

FED. R. EVID.  801(C)(2) ................................................................................................................ 6

Defendant Aaron Ivy Shaw, D.O. ("Dr. Shaw") responds as follows to Plaintiff's Motion for Relief from Judgment (ECF No. 92) and Brief in Support (ECF No. 93):

## Introduction

The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005).

The "new" email that forms the basis of Plaintiff's motion is not the type of evidence that supports relief under Rule 60(b)(2) because it "simply adds more information and detail to facts the Court previously considered." *Doe v. Keller Indep. Sch. Dist.*, No. 4:21-CV-01094-O, 2023 WL 2711629, at *4 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.). When the Court granted Dr. Shaw's motion to dismiss, it took Plaintiff's version of the facts "as true and viewed [them] in the light most favorable to the Plaintiff." *See* Mem. Op. & Order at 3, n.1 (ECF No. 61). This included assuming that "Dr. Shaw knew Plaintiff was at risk and decided to maintain her standard baseline of care," *id*. at 21, and further assuming that "Dr. Shaw made a calculated decision to categorically deny her medical treatment that morning," *id*. at 3. Even with those assumptions, the Court concluded that Dr. Shaw was entitled to qualified immunity on Plaintiff's denial-of-medical-care claim.

The "new" email that Plaintiff relies on in seeking to re-open the judgment is a daily report that appears to have gone out to a couple of dozen providers, including Dr. Shaw, that contained a chart with notes on multiple patients. As it pertains to Plaintiff, the report notes that she "refused breakfast" and complained of "abd cramps." Pl.'s App. (ECF No. 94), at 8. Far from being evidence that "is material and controlling" and that "clearly would have produced a different result," this email "is merely cumulative or impeaching" on the question of Dr. Shaw's alleged

1

deliberate indifference to known risks. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). As this Court has previously recognized, newly discovered evidence that is merely cumulative is insufficient to justify relief under Rule 60(b)(2) even where plaintiffs' new evidence arguably "strengthens their claim." *United States ex rel. Lockey v. City of Dallas, Tex.*, No. 3:11-CV-354-O, 2014 WL 36607, at *5 (N.D. Tex. Jan. 6, 2014) (O'Connor, J.), *aff'd sub nom. United States ex rel. Lockey v. City of Dallas*, 576 F. App'x 431 (5th Cir. 2014). The "new" email put forward by Plaintiff thus cannot support reopening the judgment.

In addition, Plaintiff has failed to meet her burden to establish that she acted with "reasonable diligence" in discovering the email and that she could not have discovered it in time to file a motion under Rule 59(b). *See* Fed. R. Civ. P. 60(b)(2). Plaintiff also has failed to establish that her motion was "made within a reasonable time," given that she waited four months after obtaining the email before she filed the motion and more than a year after the Court dismissed her claims. Fed. R. Civ. P. 60(c)(1).

## Background

### 1. Underlying Facts as Alleged in Plaintiff's Amended Complaint

At all relevant times, according to the Amended Complaint, Plaintiff Chasity Congious was a twenty-one-year-old woman who suffered from schizoaffective disorder-bipolar type, psychosis, schizophrenia, mood disorder, hallucinations, delusions, suicidal ideations, anxiety disorder, adjustment disorder, and intellectual disability. Pl.'s Am. Compl. (ECF No. 32) ¶ 15. Chasity was arrested on or around January 15, 2020. *Id.* ¶¶ 26, 29. Chasity was around five months pregnant on the date of her arrest. *Id.* ¶ 45. Following her arrest, Chasity was held in Tarrant County Jail ("TCJ"). *Id.* ¶ 33.

Dr. Shaw was the Medical Director at TCJ. *Id.* ¶ 36. After arriving at the TCJ, Chasity was provided meetings with several TCJ mental health professionals. *Id.* ¶¶ 42, 50, 53, 59. Dr. Shaw allegedly approved Chasity's remaining in a single cell at the TCJ infirmary, where she was segregated from staff and other inmates and was not subject to constant around-the-clock care, monitoring, and supervision. *Id.* ¶ 62.

After being admitted to the infirmary, Chasity received ultrasounds and routine obstetrics examinations. *Id.* ¶¶ 64, 70, 78. The ultrasounds showed no fetal abnormalities with Chasity's baby. *Id.* ¶¶ 64, 70. At some point in the last month of her pregnancy, Chasity ceased speaking. *See id.* ¶ 66.

Shortly after breakfast on May 17, 2020, Chasity went into labor. *Id.* ¶¶ 88-89. Chasity gave birth to baby Z.C.H. on her bed without the assistance of medical personnel or corrections officers. *Id.* ¶ 94. Tragically, Z.C.H.'s brain was severely damaged from a lack of oxygen, likely due to the umbilical cord being wrapped around her neck. *Id.* ¶ 102.

At or around 9:07 a.m., TCJ personnel entered Chasity's cell and learned that Chasity had given birth. *Id.* ¶ 95. After discovering the birth, medical personnel rushed to provide medical care to Z.C.H. and Chasity. *Id.* ¶ 96-100. Tragically, Z.C.H. passed away on May 27, 2020, after being taken off life support. *Id.* ¶ 108.

Plaintiff brought this lawsuit against Dr. Shaw and others. Against Dr. Shaw, Plaintiff asserted a claim under 42 U.S.C. § 1983 for denial of medical care in violation of the Fourteenth Amendment. *Id.* ¶¶ 216-223.[1]

---

[1] Plaintiff also asserted state-law wrongful-death and survival claims. The Court dismissed those claims (ECF No. 61, at 19). Plaintiff's Rule 60(b)(2) motion does not seek to reopen the Court's judgment on those state-law claims.

**2. Relevant Procedural History**

On June 6, 2022, Dr. Shaw filed his Motion to Dismiss and Brief in Support (ECF No. 46) under Federal Rule of Civil Procedure 12(b)(6). On March 31, 2023, the Court entered a Memorandum Opinion and Order (ECF No. 61) in which the Court, in relevant part, granted Dr. Shaw's Motion on the ground of qualified immunity and dismissed with prejudice the claims against him. On April 3, 2023, the Court entered a Rule 54(b) final judgment as to Dr. Shaw (ECF No. 62).

**3. Plaintiff's Claimed "Newly Discovered Evidence"**

On April 2, 2024, more than one year after the Court's Memorandum Opinion and Order dismissing Plaintiff's claims against Dr. Shaw, Plaintiff filed her Motion for Relief from Judgment under Rule 60(b)(2) (ECF. Nos. 92, 93). Plaintiff alleges that toward the end of discovery in December 2023, Tarrant County produced an email that Dr. Shaw allegedly received on the morning of May 17, about an hour and forty minutes before Plaintiff went into labor. *See* Pl.'s App. 8.

Attached to the email was a daily report concerning infirmary patients in the TCJ. As to Plaintiff, there was a single entry:



*Id*. Plaintiff argues that this email constitutes newly discovered evidence that justifies reopening the judgment and setting aside the Court's March 31, 2023 Memorandum and Opinion and Order.

**Argument and Authorities**

1. **Legal Standard**

Rule 60(b)(2) allows the Court to relieve a party from a final judgment on the basis of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). *See* Fed. R. Civ. P. 60(b)(2).

"A motion under Rule 60(b)(2)," however, "is an extraordinary motion, and the requirements of the rule must be strictly met." *Longden v. Snowden*, 979 F.2d 1095, 1102 (5th Cir. 1992). "Rule 60(b)(2) requires (1) newly discovered evidence, (2) that could not have been discovered with reasonable diligence in time for a Rule 59(b) motion, (3) and that is material, controlling, or would have produced a different result." *Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 22-10244, 2023 WL 5665774, at *2 (5th Cir. Sept. 1, 2023) (citation and internal quotation marks omitted).

2. **Plaintiff has not met her burden to show "reasonable diligence."**

Plaintiff states that she did not have the "new" email at the time the Court granted Dr. Shaw's motion to dismiss because discovery had not yet begun. But one of the reasons why discovery was not underway was because the Court had granted a motion to stay discovery after noting that "Plaintiff ha[d] failed to timely respond to the motion" (ECF No. 25).

Moreover, Plaintiff does not explain what efforts she undertook, prior to filing suit, to obtain her medical records or to request other records that might have included the email on which her Rule 60(b)(2) motion is based. Thus, she has not met her burden under Rule 60(b)(2). *See Johnson-Williams v. Citimortgage, Inc.*, No. 3:14-CV-3927-M (BH), 2016 WL 853079, at *2 (N.D. Tex. Feb. 11, 2016) (denying a Rule 60(b) motion based on newly discovered chain-of-title analysis where plaintiff alleged that she did not receive a copy of the analysis until after court's

5

ruling but did not allege "that she could not have requested the analysis before filing suit"). *See also Taylor v. El Centro Coll.*, No. 3:21-CV-0999-D, 2022 WL 2670394, at *3 (N.D. Tex. July 11, 2022) (finding failure to show reasonable diligence when plaintiff claimed to have "unexpectedly encountered" the evidence/witness but failed to show why he could not have found it previously).

   3. **The "new" email that Plaintiff relies on is not material and controlling and would not have changed the result of the Court's ruling on Dr. Shaw's entitlement to qualified immunity.**

"A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009). New discoveries that "simply add more detail to facts that Plaintiff already alleged and that the Court already considered" are not "enough to warrant reconsideration." *Doe v. Keller Indep. Sch. Dist.*, No. 4:21-CV-01094-O, 2023 WL 2711629, at *3-4 (N.D. Tex. Mar. 30, 2023) (O'Connor, J.).

In granting Dr. Shaw's motion to dismiss, the Court treated Plaintiff's version of the facts as true and construed them in Plaintiff's favor. *See* Mem. Op. & Order at 3, n.1 (ECF No. 61). Specifically, the Court assumed that "Dr. Shaw knew Plaintiff was at risk and decided to maintain her standard baseline of care." *Id.* at 21. The Court also accepted Plaintiff's allegation that "Dr. Shaw made a calculated decision to categorically deny her medical treatment that morning." *Id.* at 3. Even with those assumptions, the Court concluded that Dr. Shaw was entitled to qualified immunity on Plaintiff's denial-of-medical-care claim.

The "new" email notates that Chasity "refused breakfast" that morning and complained of "abd cramps." Pl.'s App. at 8. Even if one were to assume that Dr. Shaw saw and read this email (which was purportedly sent to his inbox about an hour and forty minutes before Chasity went into

6

labor), it merely corroborates the notion that Dr. Shaw was subjectively aware that Chasity was at risk—something the Court already assumed to be true for purposes of its dismissal order.

In other words, the email introduces no new material facts, but merely adds information and detail to facts the Court already considered. This is not enough to justify the extraordinary remedy of relief under Rule 60(b)(2). *See Doe*, 2023 WL 2711629, at *3-4 ("Here, none of Plaintiff's new evidence would change the Court's decision to dismiss this case, since the supposedly new evidence simply adds more information and detail to facts the Court previously considered. And at the motion to dismiss stage, the Court held that even if Plaintiff's version of events is true, Defendant was not deliberately indifferent."). Even if the new evidence can be said to "strengthen" Plaintiff's case, reconsideration is not warranted. *See Lockey*, 2014 WL 36607, at *5.

Plaintiff characterizes the Court's Memorandum Opinion and Order as having "granted Dr. Shaw's motion to dismiss because there was no evidence that Dr. Shaw knew that Plaintiff was in pain and refused her treatment." (ECF No. 93) at 4. Plaintiff is referring to a statement in the Memorandum Opinion and Order in which the Court observed that "there is no evidence that Dr. Shaw ever knew Plaintiff was experiencing untreated pain, nor is there evidence that he sent her away when she personally approached him seeking relief." Mem. Op. & Order 22. The context of the Court's statement, however, was its evaluation of the "clearly established" prong of the qualified-immunity inquiry. The Court was simply distinguishing Plaintiff's allegations from those presented in *Easter v. Powell,* 467 F.3d 459 (5th Cir. 2006), a case involving a nurse who sent away a cardiac patient experiencing chest pain.

By pointing out some examples of facts that Plaintiff had not alleged but that were present in *Easter*, the Court was not intimating that all Plaintiff had to do to establish a violation of clearly

7

established law was allege that Dr. Shaw knew she had complained of pain. Even with the newly discovered email, the present case remains distinguishable from *Easter*. The new email that Plaintiff relies on attached a daily report for inmates in the Infirmary at TCJ, with Plaintiff eighth on the list. Pl.'s App. at 5, 8. This is materially different from the situation in *Easter* where the nurse deliberately denied care to a cardiac patient who was directly in front of her and complaining of chest pain. *See Easter*, 467 F.3d at 461.

Plaintiff overstates the impact of the new email, moreover, when she argues that it would have given her a basis to plead that Dr. Shaw knew she was in labor. To support her argument, Plaintiff cites an "expert" report from David A. Gutman, MD, MBA, FASA. As an initial matter, such reports are hearsay and do not constitute competent evidence. *See Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 413 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) ("Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2)."). Furthermore, even if the report is considered, Dr. Gutman does not go so far as to allege that Dr. Shaw would have known, based on that email alone, that Plaintiff was in labor.

Plaintiff's argument here only underscores that Plaintiff's denial-of-medical-care claim is, in substance, a challenge to Dr. Shaw's medical judgment. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). *See also Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 315 (5th Cir. 2018) (plaintiff may not "recast allegations of medical negligence as federal constitutional deprivations" actionable under Section 1983). An alleged violation of the standard of care is insufficient to establish whether deliberate indifference exists,

8

and "the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Gobert*, 463 F.3d at 346, 349. *See also Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (no deliberate indifference pleaded where claims were based on paramedics' alleged failure to supervise and monitor arrestee); *Barnes v. Johnson*, 204 F. App'x 377, 379 (5th Cir. 2006) (no deliberate indifference pleaded where claims were based on allegation that doctor "did not conduct a more th[o]rough 'physical' examination or take x-rays"); *Aguocha-Ohakweh*, 731 F. App'x at 315 (no deliberate indifference pleaded where claims were based on doctor's alleged failure to timely provide decedent with chemotherapy); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (no deliberate indifference where claim was based on medical personnel's decision to require plaintiff to stand in line for meals instead of bringing food to him in the infirmary).

Plaintiff has failed to meet her burden to show that the newly discovered email is material and controlling or would have led to a different result.

**4. Plaintiff's motion is untimely.**

A motion under Rule 60(b)(2) "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Court's Memorandum Opinion and Order (ECF No. 61), which dismissed Plaintiff's denial-of-medical-care claim, was entered on March 31, 2023. Plaintiff did not file her Rule 60(b)(2) motion until April 2, 2024—more than a year later. Thus, it is untimely.

Presumably, Plaintiff believes her motion is timely because it was brought (barely) within a year of the Court's entry of the Rule 54(b) final judgment on April 3, 2023 (ECF. No. 62). But when the Court entered the Rule 54(b) final judgment, the claims against Dr. Shaw had already

been dismissed.[2]  The Rule 54(b) judgment simply made the dismissal effectuated by the Memorandum Opinion and Order final and appealable. *See Werner Enterprises, Inc. v. Picus S.A. de C.V.*, 349 F. Supp. 3d 545, 549 n.3 (S.D. Tex. 2018) ("Rule 54(b) allows a district court to enter a final judgment 'as to one or more, but fewer than all, claims' in a multiclaim case *so that those claims may be appealed* before the entire action is resolved.") (emphasis added).  Rule 60(c)(1) is not concerned with when the challenged order became appealable, but when it was entered. *See* Fed. R. Civ. P. 60(b)(1).

That said, even assuming *arguendo* that Plaintiff's motion met the one-year limit, the motion is still untimely.  The one-year time maximum "represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *United States for the use of Campbell Instrumentation, Inc. v. Anthony & Gordon Constr. Co., Inc.*, No. 2:16-CV-389, 2018 WL 1406829, at *3 (S.D. Tex. Mar. 21, 2018).

"What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *Campbell Instrumentation*, 2018 WL 1406829, at *3.

Here, Plaintiff alleges she discovered the new evidence in December 2023, but she did not file her motion for relief until four months later.  Given the lack of explanation for this delay, Plaintiff has failed to meet her burden to establish that the motion was made in a reasonable time. *See, e.g., In re Nick Julian Motors*, 148 B.R. 22, 26 (Bankr. N.D. Tex. 1992) (determining that

---

[2] That is why the ECF docket sheet lists Dr. Shaw's status as s party as "*TERMINATED: 03/31/2023*."

Rule 60(b) motion was untimely where the movant waited to file motion until "approximately seven months and three weeks later").

## CONCLUSION

Based on the foregoing, Dr. Shaw respectfully urges the Court to deny Plaintiff's Motion for Relief from Judgment.

    Respectfully submitted,

    /s/ Jordan M. Parker
    Jordan M. Parker
    State Bar No. 15491400
    jparker@canteyhanger.com
    Derek Carson
    State Bar No. 24085240
    dcarson@canteyhanger.com
    Tiereney L. Bowman
    State Bar No. 24136751
    tbowman@canteyhanger.com
    **CANTEY HANGER LLP**
    Cantey Hanger Plaza
    600 W. 6th Street, Suite 300
    Fort Worth, Texas 76102
    Tel. (817) 877-2800
    Fax (817) 877-2807

    **ATTORNEYS FOR**
    **AARON IVY SHAW, D.O.**

## CERTIFICATE OF SERVICE

On April 23, 2024, a copy of the aforementioned document was served on all counsel of record via this Court's ECF system.

    /s/ Jordan M. Parker
    Jordan M. Parker