IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Chasity Congious, by and through her Guardian, Kimberly Hammond, on behalf of herself and as Mother and Next Friend of Z.C.H., Deceased,<br><br>                Plaintiff,<br><br>v.<br><br>City of Fort Worth, et al.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  4:22-cv-00092-O<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Chasity Congious ("Plaintiff" or "Chasity") respectfully submits this reply brief in support of her Federal Rule of Civil Procedure 60(b)(2) motion for relief from the Final Judgment as to Defendant Dr. Aaron Ivy Shaw ("Dr. Shaw").

**Introduction**

The response to Plaintiff's Rule 60(b)(2) motion raises three arguments trying to escape the impact of the May 17, 2020 email showing that Dr. Shaw knew on the morning that Chasity gave birth that she was complaining of stomach pain and was in labor, and that Dr. Shaw took no action in response to receiving the email. Specifically, Dr. Shaw claims that: (1) Plaintiff did not show reasonable diligence in obtaining the May 17, 2020 email; (2) the May 17, 2020 email is not material or controlling, and would not have changed the Court's motion to dismiss decision; and (3) Plaintiff's motion is untimely.

1

As will be set forth in detail below, Dr. Shaw's arguments are without merit. First, Plaintiff exercised reasonable diligence by obtaining the May 17, 2020 email during discovery because it was not produced in response to Plaintiff's pre-litigation record requests. Second, the email to Dr. Shaw is material, controlling, and would have led the Court to deny the motion to dismiss because it added the new facts that Dr. Shaw did nothing despite knowing on the morning that Chasity gave birth that she was experiencing untreated pain and was in labor. Third, Plaintiff's motion is timely under the Federal Rules of Civil Procedure and the relevant case law. The Court therefore should grant Plaintiff's Rule 60(b)(2) motion.

## Argument

I. **Plaintiff Meets the Burden to Show Reasonable Diligence in Obtaining the Newly Discovery Evidence.**

Deflecting from the fact that Plaintiff did not have the May 17, 2020 email to Dr. Shaw because discovery had not begun, Dr. Shaw attempts to blame Plaintiff for the fact that discovery was stayed by the Court. ECF No. 97 at 5. Dr. Shaw fails to mention that it was Defendants who moved to stay discovery over the opposition of Plaintiff. ECF No. 25. Regardless, it is indisputable that discovery had not begun – which made it impossible for Plaintiff to have obtained the May 17, 2020 email to Dr. Shaw – prior to Plaintiff filing her Amended Complaint and prior to the Court entering the Final Judgment for Dr. Shaw.

Dr. Shaw also argues that Plaintiff failed to explain what efforts she undertook prior to commencing this action to obtain the May 17, 2020 email. ECF No. 97 at 5-6. The May 17, 2020 email was sent from Aaron Green of JPS Health Network ("JPS") to Dr.

2

Shaw as well as other JPS and Tarrant County Sheriff's Office ("TCSO") officials. ECF No. 94 at 5. Prior to commencing this case, Plaintiff's counsel sought and obtained Chasity's medical records from JPS, including but not limited to records pertaining to Chasity giving birth at the Tarrant County Jail on May 17, 2020. The May 17, 2020 email to Dr. Shaw was not included in the medical records produced by JPS to Plaintiff's counsel. Appendix at 3, ¶ 3. Also prior to commencing this case, Plaintiff's counsel sought and obtained records via an open records request to the TCSO for records pertaining to Chasity giving birth at the Tarrant County Jail on May 17, 2020. The May 17, 2020 email to Dr. Shaw also was not included in the records produced by the TCSO to Plaintiff's counsel. *Id.* at 3-4, ¶ 4. Plaintiff therefore exercised reasonable diligence to obtain the May 17, 2020 email to Dr. Shaw prior to commencing this case by seeking and obtaining records from both JPS and the TCSO.

Moreover, Plaintiff's Rule 60(b)(2) motion is based in part upon the expert opinion of David A. Gutman, MD, MBA, FASA stating that the May 17, 2020 email to Dr. Shaw showed that Chasity was in labor. ECF No. 94 at 12. In his response brief, Dr. Shaw failed to claim that Plaintiff did not exercise reasonable diligence in obtaining Dr. Gutman's opinion. ECF 97 at 5-6. Consequently, Dr. Shaw abandoned any such claim. *See Torres v. Seterus Inc.*, No. 5:18-CV-575-DAE, 2018 WL 7286487, *3 (W.D. Tex. Nov. 26, 2018) (recognizing that the failure to raise a claim in a response brief results in abandonment). Furthermore, Plaintiff exercised reasonable diligence in obtaining Dr. Gutman's opinion because she obtained his report on December 12, 2023 (ECF No. 94 at 9), which was in time for compliance with the rebuttal expert designation date in

Court's Amended Scheduling Order. ECF No. 65 at 1 (stating that rebuttal expert designations were due 30 days after disclosure made by other party, which was December 13, 2023 because Defendant Tarrant County ("the County") disclosed its responsive expert designation on November 13, 2023 (Appendix at 4, ¶ 5)).

## II. The Email to Dr. Shaw is Material and Controlling, and Would Have Changed the Result on the Motion to Dismiss.

Dr. Shaw presents several alleged reasons why the May 17, 2020 email is not material and controlling, and would not have altered the Court's motion to dismiss decision. ECF No. 97 at 6-9. The Court should reject Dr. Shaw's reasons.

First, Dr. Shaw misconstrues the Court's motion to dismiss decision to assert that the May 17, 2020 email does not add any new facts. ECF No. 97 at 6-7. Specifically, Dr. Shaw contends that the Court already accepted that Dr. Shaw knew that Chasity was at risk and made a decision to deny her medical care. *Id.* Contrary to Dr. Shaw's contention that the Court had all the facts pertaining to Dr. Shaw's knowledge of the risks to Chasity, the motion to dismiss decision relied upon the facts that Dr. Shaw did not act on the recommendation to induce labor, did not transfer Chasity to a medical facility or provide her with around-the-clock monitoring, and instead decided to keep Chasity alone in her cell. ECF No. 61 at 4-5 and 19-22. There was nothing in the decision about the May 17, 2020 email showing that Dr. Shaw knew on the morning that Chasity gave birth that she was complaining of stomach pain and was in labor, or about the fact that Dr. Shaw took no action in response to receiving the email. *Id.* The email to Dr. Shaw therefore adds important new facts that the Court did not have when granting the motion to dismiss – Dr. Shaw was subjectively aware on the morning Chasity gave birth

of serious risks to the health of Chasity and her baby, and that Dr. Shaw was deliberately indifferent to these serious risks by doing nothing.

Second, Dr. Shaw seeks to distinguish the facts of *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) from the facts of this case because the patient in *Easter* personally complained of pain to a nurse as opposed to Chasity's complaint of pain being conveyed by email to Dr. Shaw. ECF No. 97 at 7-8. In reaching its holding that the nurse violated clearly established law by offering no treatment options to the patient, the court of appeals in *Easter* did not state that the means of conveying the complaint of pain was relevant to its decision. 467 F.3d at 461-65. Here, the May 17, 2020 email establishes that Dr. Shaw offered pregnant Chasity no treatment options on the morning she gave birth despite knowing that was she was complaining of stomach pain and was in labor. Accordingly, Dr. Shaw violated Chasity's clearly established rights. *See id.*

Third, Dr. Shaw attempts to avoid Dr. Gutman's expert opinion by making evidentiary arguments about the admissibility and substance of the opinion. ECF No. 97 at 8. Such evidentiary considerations are irrelevant because the Court entered the Final Judgment based upon a motion dismiss, where the Court must accept the facts in the Amended Complaint as true. *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 673, 675 (5th Cir. 2007). If Plaintiff would have had the May 17, 2020 email to Dr. Shaw and Dr. Gutman's expert opinion prior to filing the Amended Complaint, Plaintiff would have alleged that Dr. Shaw knew on the morning that Chasity gave birth that she was complaining of stomach pain and in labor but did nothing in response. The Court

would have accepted these facts as true for the purpose of deciding Dr. Shaw's motion to dismiss. *See Sonnier*, 590 F.3d at 675.

Fourth, Dr. Shaw argues that Plaintiff's denial of medical care claim is merely a challenge to his medical judgment and therefore does not state a claim for deliberate indifference. ECF No. 97 at 8-9. This argument is incorrect. As stated in *Easter*, a plaintiff can establish deliberate indifference for a denial of medical care claim "<u>by showing that a prison official refused to treat him, ignored his complaints</u>, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." 467 F.3d at 464 (emphasis added) (internal quotation marks and quotations omitted). In this case, the May 17, 2020 email shows that Dr. Shaw ignored Chasity's complaints of stomach pain and refused to treat her on the morning she gave birth. Plaintiff therefore can establish that Dr. Shaw acted with deliberate indifference. *See id.*

### III. Plaintiff's Motion is Timely.

Dr. Shaw claims that Plaintiff's Rule 60(b)(2) motion is untimely because it was brought more than one year after the Court issued the Memorandum Opinion and Order on May 31, 2023 and/or because it was not brought within a reasonable time. ECF No. 97 at 9-11. This claim is inconsistent with the Federal Rules of Civil Procedure.

**A. Plaintiff's motion was filed within one year of the Final Judgment.**

On April 3, 2023, the Court entered Final Judgment for Dr. Shaw pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 62. The Rule states as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are

> involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Court's May 31, 2023 Memorandum Opinion and Order adjudicated less than all the claims of fewer than all the parties because Plaintiff's claims against the County survived. ECF No. 61 at 33. But because the Court has entered Final Judgment for Dr. Shaw (ECF No. 62), Plaintiff could not seek revision of the Court's Memorandum Opinion and Order under Rule 54(b) and instead seeks relief from the Court's Final Judgment pursuant to Rule 60(b)(2). Plaintiff's Rule 60(b) Motion brought on April 2, 2024 (ECF No. 92) therefore is timely because it was brought within one year of the Court's April 3, 2023 Final Judgment (ECF No. 62). *See* Fed. R. Civ. P. 60(c)(1). *See also Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989) (stating that the one-year time limit for a Rule 60(b) motion "runs from the date the district court entered final judgment.").[1]

### B. Plaintiff's motion was filed within a reasonable time.

Relying upon *In re Nick Julian Motors*, 148 B.R. 22 (Bankr. N.D. Tex. 1992), Dr. Shaw argues that Plaintiff's Rule 60(b)(2) motion is untimely because it was brought

---

[1] If Dr. Shaw was correct that Plaintiff could bring a Rule 54(b) motion for the Court to revise the May 31, 2023 Memorandum Opinion and Order, then Dr. Shaw's timeliness argument would be moot. Plaintiff could bring a motion for revision of the May 31, 2023 Memorandum Opinion and Order at any time prior to the entry of final judgment on all claims for all parties. *See* Fed. R. Civ. P. 54(b).

about four months after discovering the May 17, 2020 email to Dr. Shaw. ECF No. 97 at 10-11. Dr. Shaw's reliance upon *In re Nick Julian Motors* is mistaken because the court denied a Rule 60(b)(6) motion for relief from a default judgment due to a seven-month delay. 148 B.R. at 26-27. In particular, the court based its denial upon the fact that "when the adversary process has been halted because if an essentially unresponsive party, default judgment is appropriate to protect the non-defaulting party from interminable delay and continued uncertainty as to his rights." *Id.* at 27 (internal quotation marks and quotations omitted). In this case, Plaintiff is not a defaulting or unresponsive party and did not wait seven months to bring the Rule 60(b)(2) motion. And the adversary process has not been halted because this case is still pending. The decision in *In re Nick Julian Motors* therefore does not suggest denial of Plaintiff's Rule 60(b)(2) motion.

In fact, the principles set forth in *In re Nick Julian Motors* actually support granting Plaintiff's Rule 60(b)(2) motion. To begin with, the court recognized that prejudice to the parties should be considered. *In re Nick Julian Motors*, 148 B.R. at 26. Dr. Shaw did not claim any prejudice in his response brief. ECF No. 97 at 1-11. On the other hand, Plaintiff would suffer significant prejudice if the Rule 60(b)(2) motion is denied because she would not get the chance to conduct full discovery on her denial of medical care claim against Dr. Shaw or to obtain a resolution on the merits based upon all the facts. And as recognized by the court in *In re Nick Julian Motors*, "[a]ll doubts are to be resolved in favor the party seeking relief from judgment to facilitate resolution of disputes on their merits." 148 B.R. at 27 (quotation omitted). Thus, the Court should grant Plaintiff's Rule 60(b)(2) so that the dispute with Dr. Shaw can be resolved on the

merits with all the facts. *See In re Nick Julian Motors*, 148 B.R. at 27.

Moreover, there is Fifth Circuit case law establishing that Plaintiff's Rule 60(b) motion filed within only about four months of discovery of the email to Dr. Shaw is timely. *See e.g., First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (citing with approval a Second Circuit case finding that a Rule 60(b) motion was brought within a reasonable time when it was filed four months after the grounds for the motion were known); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 929 (5th Cir. 1976) (determining that a Rule 60(b) motion was filed within a reasonable time when it was filed four months after the filing of a notice of appeal); *Coleman v. Cain*, No. 05-799, 2009 WL 3400462, *4 (E.D. La. Oct. 14, 2009) (assuming without deciding that a Rule 60(b) motion brought within about four months was a reasonable time); *Curley v. JP Morgan Chase Bank NA*, No. 14-2633, 2015 WL 3863499, **1-2, W.D. La. June 22, 2015) (addressing the merits a Rule 60(b) motion filed within four months).

The Court also should consider what occurred during the approximately four months between the discovery of the email to Dr. Shaw in December 2023 and the filing of Plaintiff's Rule 60(b) motion on April 2, 2024. To begin with, the holidays occurred during this time period. In addition, Plaintiff's counsel had a two-week trial in the Southern District of New York in January 2024. Appendix at 4, ¶ 6. Also, Plaintiff's counsel was on paternity leave in March and April 2024 due to the birth of his first child. *Id.* at 4, ¶ 7. And there is the time it took for Plaintiff's counsel to: (1) evaluate the importance of the email to Dr. Shaw as well as Dr. Gutman's expert opinion; (2) perform the necessary legal research and analysis; and (3) prepare the Rule 60(b)

motion and supporting materials. Under these circumstances, a time period of only about four months should be deemed reasonable.

Lastly, it is well-established that Rule 60(b) "should be liberally construed in order to achieve substantial justice." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007). Here, Chasity's claim against Dr. Shaw is that he denied her medical care which resulted in the tragic and preventable death of an innocent baby. When Chasity filed her Amended Complaint and when the Court entered the Final Judgment for Dr. Shaw, Chasity did not have the May 17, 2020 email showing that Dr. Shaw knew on the morning Chasity gave birth that she was in pain and in labor but did nothing. The Court therefore should permit Chasity's claim against Dr. Shaw to proceed on all the facts so that substantial justice may be achieved. *See Steverson*, 508 F.3d at 305.

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the Federal Rule of Civil Procedure 60(b)(2) motion for relief from Final Judgment as to Dr. Shaw.

Respectfully submitted,

/s/ Jarrett Adams
Jarrett Adams, Esq.
LAW OFFICES OF JARRETT ADAMS, PLLC
40 Fulton St., Floor 28
New York, New York 10038
T: 646.880.9707
F: 646.880.9707
E: JAdams@JarrettAdamsLaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2024, I electronically filed the foregoing pleading with the United States District Court for the Northern District of Texas using the CM/ECF system, which will automatically serve a true and complete copy upon all counsel of record.

/s/Jarrett Adams
Jarrett Adams, Esq.
