IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHASITY CONGIOUS, by and through her Guardian, Kimberly Hammond, on behalf of Herself and as Mother and Next Friend of Z.C.H., Deceased, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:22-CV-00092-O |
| AARON IVY SHAW, | § § § | |
| Defendant. | § § | |

**DEFENDANT'S ORIGINAL ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Aaron Ivy Shaw, DO, answers Plaintiff's Second Amended Complaint (ECF No. 102) ("the Complaint") as follows:

**ADMISSIONS AND DENIALS (FRCP 8(b))**

**INTRODUCTION**

1. Defendant admits that Chasity suffers from intellectual disabilities and was previously diagnosed with bipolar disorder and schizophrenia. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Paragraph 5 contains a narrative and argument and does not contain any factual allegations requiring an admission or a denial. Insofar as Paragraph 5 is deemed to contain factual allegations, Defendant denies them.

## JURISDICTION AND VENUE

6. Defendant admits the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Defendant admits that the Court has subject-matter jurisdiction over this action.

8. Paragraph 8 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Defendant admits that venue is proper, but insofar as Paragraph 8 is deemed to contain factual allegations, Defendant denies them.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, except that Defendant admits that Chasity suffers from intellectual disabilities and was previously diagnosed with schizophrenia.

10. Defendant admits the allegations in the first sentence of Paragraph 10. With respect to the second sentence of Paragraph 10, Defendant denies that he engaged in the conduct complained of and admits that at all relevant times he was acting in the course and scope of his employment. That he was allegedly acting under color of law is a legal conclusion and not a factual allegation that he must admit or deny   The third sentence of Paragraph 10 merely states the capacity in which Plaintiff is suing Defendant and does not contain any factual allegations requiring an admission or a denial.

## FACTS

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, except that Defendant admits that Chasity had an active diagnosis of intellectual disability and previous diagnoses of anxiety, bipolar, and schizophrenia.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, except that Defendant admits that Chasity had a mental health condition that was a mental impairment that would have substantially limited certain life activities, including those pertaining to understanding and communicating.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

### The Pretrial Detention of Chasity

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, except that Defendant admits that Chasity was held at the Tarrant County Jail.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

### The Denial of Medical Care to Chasity

28. Defendant admits that he was the medical director at the Tarrant County Jail, but otherwise denies the allegations in Paragraph 28.

29. Defendant admits that a registration form would or should exist for Chasity, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Paragraph 30 purports to characterize or summarize the contents of a document that speaks for itself and does not contain any factual allegations requiring an admission or a denial.

31. Paragraph 31 purports to characterize or summarize the contents of a document that speaks for itself and does not contain any factual allegations requiring an admission or a denial.

32. Paragraph 32 purports to characterize or summarize the contents of a document that speaks for itself and does not contain any factual allegations requiring an admission or a denial.

33. Defendant admits that Chasity would have been referred to MHMR, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40. Defendant admits that Chasity had significant mental health issues, but lacks knowledge or information sufficient to form a belief about the truth of the allegations that Chasity had suicidal ideation. Defendant admits that Chasity was placed in a single cell in the TCJ female infirmary, but denies the remaining allegations and characterizations in Paragraph 40.

41. Defendant admits that Chasity was referred to MHMR on January 20, 2020, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Chasity reported being suicidal to Young. Defendant admits that Chasity remained in her cell in the TCJ female infirmary. Defendant denies the remaining allegations and characterizations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what Riley noted or observed. Defendant admits that Chasity

remained in her cell in the TCJ female infirmary. Defendant denies the remaining allegations and characterizations in Paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Riley's meeting with Chasity and related observations. Defendant admits that Chasity remained in her cell in the TCJ female infirmary. Defendant denies the remaining allegations and characterizations in Paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54, as worded.

55. Defendant admits the allegations in Paragraph 55.

56. Defendant admits the allegations in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Park's meeting with Chasity and related observations. Defendant admits that Chasity was 33 weeks pregnant and that she remained in her cell in the TCJ female infirmary. Defendant denies the remaining allegations and characterizations in Paragraph 60.

61. Defendant admits the allegations in Paragraph 61.

62. Defendant admits the allegations in Paragraph 62.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Park's meeting with Chasity and related observations. Defendant admits that Chasity was more than 35 weeks pregnant and that she remained in her cell in the TCJ female infirmary. Defendant denies the remaining allegations and characterizations in Paragraph 66.

67. Defendant admits the allegations in Paragraph 67.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Defendant admits the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant admits the allegations in Paragraph 72, with the caveat that Dr. Carter also noted that Chasity denied having RUQ (right upper quadrant) pain, which is abdominal pain.

73. Defendant admits that Dr. Carter noted recommending that Chasity have an induced labor, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Defendant admits that Chasity was 37 weeks pregnant, that she could go into labor at any time, and that she remained in her cell in the TCJ female infirmary. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that she would not recognize it if she was in labor. Defendant denies the remaining allegations and characterizations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

### The Birth and Death of Z.C.H.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80, but admits that an email dated May 17, 2020, and time-stamped 7:29 a.m. was sent to his email inbox.

81. Paragraph 81 purports to characterize or summarize the contents of a document that speaks for itself and does not contain any factual allegations requiring an admission or a denial.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89, except that Defendant admits that Chasity gave birth to Z.C.H.

90. Defendant denies the allegations in Paragraph 90, except that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning what a TCJ employee observed.

91. Defendant admits the allegations in Paragraph 91, except that he lacks knowledge or information sufficient to form a belief about the truth of the allegation that Z.C.H.'s umbilical cord was wrapped around her neck.

92. Defendant admits the allegations in Paragraph 92.

93. Defendant admits that the P.A.'s notes indicate that she observed no signs of respiration and that she observed a heart rate of 21 by auscultation.

94. Defendant admits that at or around 9:36 a.m., Z.C.H. was taken to Cook Children's Hospital for care in an ambulance, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95. Defendant admits that at or around 9:55 a.m., Chasity was taken in a second ambulance to JPS to repair a grade 3 perineal tear.

96. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98.

99. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant admits that MHMR placed Chasity on suicide watch.

106. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108.

109. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

### Chasity's Damages, Release from Jail, and Continuing Mental Health Treatment

110. Defendant admits the allegations in Paragraph 110.

111. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114.

115. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

## COUNT I: Denial of Medical Care
### Against Defendant Shaw

123. Defendant incorporates by reference his responses to all other paragraphs.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Paragraph 127 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

128. Paragraph 128 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial. Insofar as Paragraph 128 is deemed to contain factual allegations, Defendant denies them.

129. Paragraph 129 consists of a legal conclusion and does not contain any factual allegations requiring an admission or a denial. Insofar as Paragraph 129 is deemed to contain factual allegations, Defendant denies them.

## CONDITIONS PRECEDENT

130. The first sentence of Paragraph 130 is a purported reservation of rights and does not contain any factual allegations requiring an admission or a denial. The second sentence of Paragraph 130 is a legal conclusion and does not require any factual allegations requiring an admission or a denial. Insofar as the first or second sentences of Paragraph 130 are deemed to contain factual allegations, Defendant denies them.

**REQUEST FOR RELIEF**

The final paragraph consists of a prayer for relief and a jury demand and does not contain any factual allegations requiring an admission or a denial. Insofar as the final paragraph is deemed to contain factual allegations, Defendant denies them.

**AFFIRMATIVE DEFENSES (FRCP 8(c))**

1. Defendant fails to state a claim for which relief may be granted.

2. Defendant is entitled to qualified immunity.

3. Defendant is entitled to an offset or settlement credit for amounts that Plaintiff has been paid from former defendants or third parties in connection with this lawsuit.

\*   \*   \*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff recover nothing by reason of this suit against Defendant.

Respectfully submitted,

 /s/ Jordan M. Parker
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Katherine R. Hancock
State Nar No. 24106048
khancock@canteyhanger.com
Tiereney L. Bowman
State Bar No. 24136751
tbowman@canteyhanger.com
**CANTEY HANGER LLP**
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Tel. (817) 877-2800

**ATTORNEYS FOR
AARON IVY SHAW, D.O.**

## **CERTIFICATE OF SERVICE**

On August 19, 2024, a true and correct of the foregoing document was served on counsel of record via ECF.

  /s/ Jordan M. Parker
Jordan M. Parker